# C. A. No. 5:23-cv-01028

# EXHIBIT A

## **EXHIBIT A**

As stated in Defendant Marmaxx Operating Corp.'s Notice of Removal, Defendant attaches certified copies of the following documents:

1. Plaintiff's Original Petition, filed May 22, 2023;

2. Request for Process, filed May 22, 2023;

3. Citation to The TJX Companies, Inc., issued May 23, 2023 and Affidavit of Service upon The TJX Companies, Inc., by serving Registered Agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3109, filed June 15, 2023;

4. Affidavit of Process Service upon The TJX Companies, Inc., by serving The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801, filed June 24, 2023;

5. Verified Denial of Defendant The TJX Companies, Inc. and Original Answer of Defendant Marmaxx Operating Corp, filed August 14, 2023.

FILED
5/22/2023 4:50 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Elvira Ramirez
Bexar County - 45th District Court

CAUSE NO. ___2023CI10159___



| | | |
|---|---|---|
| **TAMEKA ALEXANDER** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **VS.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **THE TJX COMPANIES, INC.** | § | |
| | § | |
| *Defendant* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES TAMEKA ALEXANDER (collectively "Plaintiff") complaining of and about THE TJX COMPANIES, INC. hereinafter Defendant, and for cause of action shows unto the Court the following:

### I.   DISCOVERY CONTROL PLAN

1.  Discovery shall be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.   PARTIES

2.  Plaintiff Tameka Alexander ("Alexander") is an individual and citizen of the State of Texas. Plaintiff resides in Bexar County, Texas.

3.  Defendant THE TJX COMPANIES, INC. ("TJX") is a foreign corporation incorporated in the State of Delaware and conducts business in the State of Texas, and it may be served with process by serving its Registered Agent, CT CORPORATION SYSTEM at 1601 Elm Street, Dallas, Texas, 75201.

### III.   JURISDICTION AND VENUE

4.  The Court has jurisdiction over this controversy because the damages exceed the minimum

jurisdictional limits of the Court. Venue is proper in Bexar County, because this lawsuit arises out of acts and omissions committed in Bexar County, Texas. Defendant has open and continuous contacts with Texas because it operates approximately 59 stores in Texas.

5. This Court has jurisdiction over Defendant as it has minimum contacts with the State of Texas, is registered to conduct business in the State of Texas, and regularly conducts business in the State of Texas.

6. Plaintiff seeks monetary relief of $250,000 but not more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, and non-monetary relief. A jury however determine the monetary value of Plaintiff's damages.

7. Plaintiff state that she completely and fully relies on the discretion of a jury to determine that amount to be awarded in this case.

8. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

9. To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, that Defendant answer in its correct legal and assumed name.

## IV.    <u>FACTS</u>

10. Plaintiff brings this suit to recover damages for personal injuries sustained at the Marshalls store (the "Store") at 12635 I-10 West, San Antonio, Texas 78249, in Bexar County, Texas on or about September 30, 2022. On that date, Plaintiff entered the Store to purchase some

clothing for herself. Plaintiff walked up and down looking at the clothes for sale. Plaintiff turned the corner around the end cap of the aisle where Plaintiff violently slipped and fell to the floor because an employee left a table in the walkway.

11. No caution sign, cones, or any other indicators were present as the employees were stocking the shelves.

12. Additionally, no verbal warnings were provided to Plaintiff. Plaintiff slipped and fell on the table which was left on the floor by The TJX Companies, Inc's employees who were moving different items around the store and restocking the shelves.

13. Due to the violent slip and fall, Plaintiff suffered significant and sever injuries for which Plaintiff sought and continues to seek reasonable and necessary medical treatment.

14. At the time of the incident, the Store was owned and maintained by Defendant.

15. On the date in question, Plaintiff was an invitee on Defendant's premises. At all times, relevant. Defendant maintained, controlled, or was a possessor of the premises. A condition on the premises posed an unreasonable risk of harm. Defendant had the ability and authority to ensure its premises were not unreasonably dangerous for invitees. Defendant had a duty to use ordinary care to ensure that the premises, including the walking and working surfaces therein, did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or cure.

16. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constitutes negligence, and such negligence was a

proximate cause of the occurrence in question and Plaintiff's resulting injuries.

17. Plaintiff would show that, based on the above-described facts, Defendant were negligent. Defendant, as occupiers and/or owners of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant' premises.

18. Defendant are liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a. Failure to maintain the premises, including floors and walkways, in a reasonably safe condition;

   b. Failure to inspect the premises where the dangerous condition existed;

   c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

   d. Failing to properly train and/or supervise those on site;

   e. Failing to hire competent employees/contractors to repair the roof;

   f. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

   g. Other acts deemed negligent.

19. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

20. Defendant were also negligent in that they failed to act as reasonably prudent premise owners would act in the same or similar situation.

21. At all times mentioned herein, Defendant owned, operated and/or maintained the Store. Defendant was responsible for ensuring that the Premises was safe for all invitees,

including Plaintiff.

22. As a direct and proximate result of Defendant's failure to adequately warn Plaintiff of the debris in the walkway and failing to make the condition reasonably safe, Plaintiff suffered severe injuries causing him severe pain and impairment, for which he had to undergo extensive medical treatment. Nothing that Plaintiff did or failed to do on the occasion in question caused or in any way contributed to Plaintiff's injuries.

## CAUSE OF ACTION: NEGLIGENCE

23. Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

24. Plaintiff brings a claim of Negligence. "The elements of a cause for negligence are as follows: (1) The defendant owed a legal duty to the plaintiff. (2) The defendant breached the duty. (3) The breach proximately caused the plaintiff's injury." *See Nabor Drilling, U.S.A. Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

25. Defendant is liable to Plaintiff for negligence. At all times relevant to the occurrence in question, Defendant owed Plaintiff a duty of ordinary care to ensure its premises was free of dangerous conditions as an invitee.

26. Defendant breached its duty and was negligent in one or more respects, but not limited to: (1) failing to provide a safe, hospital, and hazard-free premises for Plaintiff; (2) failing to properly inspect the floors of its establishment on a regular basis; (3) Failing to instruct and train its agents, servants, and employees to maintain a hazard free environment; (4) failing to warn individuals on the premises of the Store that the floor contains debirs; (5) failing to take reasonable precautionary measures to ensure the safety of the public when on the premises; (6) failing to properly identify the dangerous condition of the floor; (7) failing to

make conditions of its premises reasonably safe; and (6) acts or omissions revealed in discovery and/or proven at time of trial.

27. Each of these acts or omissions, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

## CAUSE OF ACTION: PREMISES LIABILITY

28. Plaintiff realleges and incorporates by reference all of the preceding paragraphs as if fully set forth herein.

29. Plaintiff brings a claim of Premises Liability. To prevail on a premises liability claim against a possessor of the premises, an injured invitee must prove the following: "(1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injuries." *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000).

30. At all material times, Defendant owned, operated, and controlled the area where Plaintiff was injured and otherwise was the possessor of the premises. The condition of the area where Plaintiff was injured (the debris on the floor) posed an unreasonable risk of harm, and Defendant knew or reasonably should have known of the danger. Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

31. Plaintiff entered the premises of the Store. Defendant owed Plaintiff a duty to use reasonable care to reduce or eliminate the risk posed by the debris on the floor. Defendant breached its duty by failing to make the unreasonably dangerous condition reasonable safe.

Defendant's failure to use such care proximately caused Plaintiff's injuries.

## V.    PRE-JUDGMENT AND POST-JUDGMENT INTEREST

32. Plaintiff is entitled to recover all pre-judgment and post-judgment interest as allowed by

law and here seeks such pre-judgment and post-judgment interest.

## VI.    DEMAND FOR JURY TRIAL

33. Plaintiff demands a trial by jury. Plaintiffs acknowledge payment this date of the required

jury fee.

## VII.    PRESERVATION OF EVIDENCE

34. Defendant is hereby given further notice that any document or other material, including

electronically stored information, that may be evidence or relevant to any issue, claim or

defense in this case is to be preserved in its present form until this litigation is concluded.

35. Failure to maintain such items will constitute "spoliation" of evidence, for which Plaintiff

will seek appropriate sanctions and remedies.

## VIII.    CONDITIONS PRECEDENT

36. All conditions precedent and necessary to maintain this action have been performed or

have occurred.

## IX.    DAMAGES

37. Plaintiff seeks actual damages, exemplary damages, pre-judgment and post-judgment

interest, costs of suit and all other relief, in law and equity, to which Plaintiff may be

entitled. As a proximate result of the Defendant's negligent acts/or omissions, Plaintiff has

been injured in at least, but not limited to, the following particulars and has suffered the

following legal damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred

by Plaintiff for the necessary care and treatment of injuries resulting from the accident complained of herein, and such charges were reasonable and were usual and customary charges for such services;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g. Lost earnings in the past;

h. Loss of earning capacity which will, in all reasonable probability, be incurred in the future;

i. Disfigurement in the past;

j. Disfigurement in the future;

## X.    PRAYER FOR RELIEF

38. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and on final trial hereafter, that Plaintiffs have judgment against Defendant, together will all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity.


Respectfully Submitted,

THE MAJOR LAW FIRM PLLC

**By:**   **/s/ *Abasi D. Major***
Abasi D. Major
Texas Bar No. 24096504
901 NE Loop 410
Suite 405
San Antonio, Texas 78209
Ph: 210-957-1767
Fx: 210-783-9637
abasi@themajorlawfirm.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Abasi Major on behalf of Abasi Major
Bar No. 24096504
abasi@themajorlawfirm.com
Envelope ID: 75885951
Filing Code Description: Petition
Filing Description:
Status as of 5/22/2023 4:56 PM CST

Associated Case Party: Tameka Alexander

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Admin AtThe Major Law Firm | | admin@themajorlawfirm.com | 5/22/2023 4:50:19 PM | SENT |
| Veronica Segler | | vsegler@themajorlawfirm.com | 5/22/2023 4:50:19 PM | SENT |
| Abasi Major | | abasi@themajorlawfirm.com | 5/22/2023 4:50:19 PM | SENT |

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, GLORIA A. MARTINEZ, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD NOW IN MY LAWFUL
CUSTODY.  WITNESS  MY OFFICIAL HAND AND SEAL
OF OFFICE ON THIS:

**August 16, 2023**

**GLORIA A. MARTINEZ,**
**BEXAR COUNTY, TEXAS**

By:

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
5/22/2023 5:45 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Ana Cortijo
Bexar County - 45th District Court



**Cause Number:** 2023CI10159

**District Court:** 45th

CIT PPS SAO 4

# GLORIA A. MARTINEZ
## Bexar County District Clerk

## REQUEST FOR PROCESS

Style: Tameka Alexander                    Vs. The TJX Companies, Inc.

Request the following process: (Please check all that Apply)

☑ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept *without* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** The TJX Companies, Inc.
**Registered Agent/By Serving:** CT Corporation System
**Address** 1601 Elm St. Dallas, Tx. 75201
**Service Type:** (Check One) ☑ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**2.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail*
☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable 1* ☐ *Constable 2* ☐ *Constable 3* ☐ *Constable 4*

**Title of Document/Pleading to be Attached to Process:** _____

**Name of Attorney/Pro se:** Abasi D. Major        **Bar Number:** 24096504
**Address:** 901 NE Loop 410, Ste.405        **Phone Number:** 210-957-1767
San Antonio, Tx. 78209

**Attorney for Plaintiff** X _____ **Defendant** _____ **Other** _____

***IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED***

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Allycen Toomey on behalf of Abasi Major
Bar No. 24096504
admin@themajorlawfirm.com
Envelope ID: 75888846
Filing Code Description: REQUEST FOR SERVICE AND PROCESS
Filing Description:
Status as of 5/23/2023 10:34 AM CST

Associated Case Party: Tameka Alexander

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Abasi Major | | abasi@themajorlawfirm.com | 5/22/2023 5:45:23 PM | SENT |
| Admin AtThe Major Law Firm | | admin@themajorlawfirm.com | 5/22/2023 5:45:23 PM | SENT |
| Veronica Segler | | vsegler@themajorlawfirm.com | 5/22/2023 5:45:23 PM | SENT |

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, GLORIA A, MARTINEZ, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD NOW IN MY LAWFUL
CUSTODY.  WITNESS  MY OFFICIAL HAND AND SEAL
OF OFFICE ON THIS:

*August 16, 2023*

**GLORIA A. MARTINEZ,**
**BEXAR COUNTY, TEXAS**

By: _____

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
6/15/2023 9:47 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Wendy Rodriguez
Bexar County - 45th District Court

**Case Number: 2023CI10159**

Tameka Alexander VS The TJX Companies, Inc.
(Note: Attached Document May Contain Additional
Litigants)

**PRIVATE PROCESS**

**IN THE 45TH DISTRICT COURT**
**BEXAR COUNTY, TEXAS**

**CITATION**

"THE STATE OF TEXAS"

Directed To: **The TJX Companies, Inc.**
**BY SERVING ITS REGISTERED AGENT, CT Corporation System**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **Original Petition** was filed **on this the 22nd day of May, 2023.**
ISSUED UNDER MY HAND AND SEAL OF SAID COURT **on this the 23rd day of May, 2023.**

**Abasi D Major**
**ATTORNEY FOR PLAINTIFF**
**901 NE LOOP 410, STE 405**
**SAN ANTONIO TX 78209**



**Gloria A. Martinez**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**
**By: /s/ Matthew Stanage**
**Matthew Stanage, Deputy**

---

TAMEKA ALEXANDER VS THE TJX COMPANIES, INC.

Case Number: 2023CI10159
45th District Court

### Officer's Return

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ____M. and ( ) executed it by delivering a copy of the

CITATION with attached **ORIGINAL PETITION** the date of delivery endorsed on it to the defendant _____ in

person on the _____ day of _____, 20_____ at _____ o'clock _____ M.

at _____ City_____ State_____ Zip_____

or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my
address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State
of Texas, on the _____ day of _____, A.D., _____.

_____
**Declarant**

## CAUSE NO. 2023CI10159

| | | |
|---|---|---|
| TAMEKA ALEXANDE | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| THE TJX COMPANIES, INC. | § | |
| Defendant. | § | 45TH JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Mauricio Segovia** who, being by me duly sworn, deposed and said:

"The following came to hand on **Jun 14, 2023, 12:15 pm,**

### CITATION, PLAINTIFF'S ORIGINAL PETITION,

and was executed at **1999 BRYAN ST SUITE 900, DALLAS, TX 75201-3109** within the county of **DALLAS** at **12:55 PM** on **Wed, Jun 14 2023**, by delivering a true copy to the within named

**THE TJX COMPANIES, INC., BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM**
**accepted by** Intake Specialist: Terri Thongsavat

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Mauricio Segovia
Certification Number: PSC-1689
Certification Expiration: 8/31/2024

BEFORE ME, a Notary Public, on this day personally appeared **Mauricio Segovia**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON 6/15/2023

Notary Public, State of Texas

MARIA M. SEGOVIA
My Notary ID # 129480220
Expires July 5, 2025



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, GLORIA A. MARTINEZ, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD NOW IN MY LAWFUL
CUSTODY. WITNESS MY OFFICIAL HAND AND SEAL
OF OFFICE ON THIS:

*August 16, 2023*

**GLORIA A. MARTINEZ,
BEXAR COUNTY, TEXAS**

By: 

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
7/24/2023 11:06 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Marisol Negrete
Bexar County - 45th District Court

# Affidavit of Process Server

### IN THE 45TH JUDICIAL DISTRICT COURT, BEXAR COUNTY, TEXAS

TAMEKA ALEXANDER     **VS**     THE TJX COMPANIES, INC.     2023CI10159

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

KEVIN S. DUNN _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. **RECEIVED 07/21/2023**

**Service:** I served THE TJX COMPANIES, INC.
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) CITATION; PLAINTIFF'S ORIGINAL PETITION;

by leaving with ROBIN HUTT-BANKS (MANAGING AGENT) _____ AT
       NAME         RELATIONSHIP

☐ Residence _____
       ADDRESS        CITY / STATE

☒ Business C/O THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801
       ADDRESS        CITY / STATE

On _____ 07/21/2023 _____ AT _____ 2:45 PM _____
    DATE         TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
           DATE

from _____
    CITY       STATE       ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ **Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

**Service Attempts:** Service was attempted on: (1) _____ (2) _____
       DATE     TIME        DATE     TIME

(3) _____ (4) _____ (5) _____
  DATE    TIME       DATE    TIME       DATE    TIME

AGE 55 Sex FEMALE Race BLACK Height 5'5 Weight 150 HAIR BLACK

KEVIN S. DUNN
BRANDYWINE PROCESS SERVERS, LTD.,
PO BOX 1360, WILMINGTON, DE 19899

SUBSCRIBED AND SWORN to before me this 21ST day of JULY ,2023.

SIGNATURE OF NOTARY PUBLIC

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires on May 1, 2024

Case Number: 2023CI10159    Document Type: AFFIDAVIT OF PROCESS SERVER
NOTARY PUBLIC for the state of DELAWARE
Page 1 of 3

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Allycen Toomey on behalf of Abasi Major
Bar No. 24096504
admin@themajorlawfirm.com
Envelope ID: 77802717
Filing Code Description: AFFIDAVIT OF
Filing Description: KEVIN S DUNN
Status as of 7/24/2023 1:44 PM CST

Associated Case Party: Tameka Alexander

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Abasi Major | | abasi@themajorlawfirm.com | 7/24/2023 11:06:30 AM | SENT |
| Admin AtThe Major Law Firm | | admin@themajorlawfirm.com | 7/24/2023 11:06:30 AM | SENT |
| Aidan Gomez | | agomez@themajorlawfirm.com | 7/24/2023 11:06:30 AM | SENT |

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, GLORIA A. MARTINEZ, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD NOW IN MY LAWFUL
CUSTODY.  WITNESS  MY OFFICIAL HAND AND SEAL
OF OFFICE ON THIS:

*August 16, 2023*

**GLORIA A. MARTINEZ,**
**BEXAR COUNTY, TEXAS**

By: _____

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
8/14/2023 8:28 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Ashley Garza
Bexar County - 45th District Court

## CAUSE NO. 2023CI10159

| | | |
|---|---|---|
| **TAMEKA ALEXANDER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **THE TJX COMPANIES, INC.** | § | **45TH JUDICIAL DISTRICT** |

## VERIFIED DENIAL OF DEFENDANT THE TJX COMPANIES, INC. AND ORIGINAL ANSWER OF DEFENDANT MARMAXX OPERATING CORP.

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW The TJX Companies, Inc. and Marmaxx Operating Corp., (hereinafter referred to as "Marmaxx" and/or "Defendant"), in the above-entitled and numbered cause, and files this Verified Denial and Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions and would respectfully show unto the Court and Jury as follows:

### I.
### VERIFIED DENIAL

1.1     Pursuant to Rule 93, THE TJX COMPANIES, INC. denies it is liable to Plaintiff in the capacity in which it has been sued. Tex. R. Civ. P. 93.

1.2     The TJX Companies, Inc. denies that it owns, operates or maintains the premises located at 12635 I-10 West, San Antonio, Texas 78249 in Bexar County as asserted in Plaintiff's Original Petition.

1.3     Based on the foregoing, The TJX Companies, Inc. asserts that there is a defect of parties.

### II.
### GENERAL DENIAL

2.1     Subject to such stipulations and/or admissions as may hereafter be made, Defendant Marmaxx Operating Corp. asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the

charges and allegations against Defendant as is required by the Constitution and laws of the State of Texas.

2.2     Defendant further reserves the right to amend this answer at a future date in accordance with the Texas Rules of Civil Procedure.

### III.
### AFFIRMATIVE DEFENSES

By way of further defense, if such be necessary, Defendant asserts the following:

3.1     Defendant invokes the comparative and proportionate responsibility provisions of the Texas Civil Practice & Remedies Code, § 33.001, *et. seq.*

3.2     Defendant would show that, at the time and on the occasion in question, Plaintiff and/or others beyond this Defendant's control failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was alternatively a proximate cause or a producing cause or the sole proximate or the sole producing cause of the incident in question and any alleged injuries and damages stemming therefrom.

3.3     Defendant would show, in the unlikely event that any liability be found on the part of Defendant, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of any persons or third parties over whom Defendant has no control and for whom Defendant is not responsible, including, but not limited to, Plaintiff.

3.4     Defendant would show that Plaintiff's alleged injuries and damages were the result, in whole or in part, of a new and independent cause and/or intervening and superseding cause, which was not reasonably foreseeable by Defendant.

3.5     Plaintiff's recovery of medical expenses, if any, is limited and subject to the restrictions set forth by Section 41.0105 of the Texas Civil Practice and Remedies Code.

3.6     Plaintiff is not entitled to a recovery of damages for any medical condition and/or injury that resulted from a pre-existing and/or subsequent condition, or any other condition not proximately caused by the occurrence in question.

3.7     Plaintiff also is not entitled to a recovery of damages, if any, that she failed to mitigate.

3.8     Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

3.9     Defendant would show that, pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of a pecuniary value, Plaintiff must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

3.10    Defendant invokes all rights and limitations found in Chapter 41 of the Texas Civil Practice and Remedies Code, including the limitations on damage awards.

3.11    In the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

**IV.**

3

## JURY DEMAND

4.1     Defendant respectfully demands a jury for the trial of this matter, and hereby tenders the jury fee.

## V.
## DIRECTED COMMUNICATION

5.1     Forward all communications regarding this matter to Marshall G. Rosenberg at mrosenberg@hartlinebarger.com; Jane Haas at jhaas@hartlinebarger.com; and Catrina Edling at cedling@hartlinebarger.com. Failure to include all requested individuals referenced above in all communications, notices, and filings, shall be deemed inadequate service.

WHEREFORE, PREMISES CONSIDERED, Marmaxx Operating Corp., prays that Plaintiff take nothing by reason of this suit, that Defendant be discharged, and that it go hence with its costs, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

HARTLINE BARGER LLP

*/s/ Jane Haas*
Marshall G. Rosenberg
State Bar No. 12771450
mrosenberg@hartlinebarger.com
Jane Haas
State Bar No. 24032655
jhaas@hartlinebarger.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419
**ATTORNEYS FOR DEFENDANT
MARMAXX OPERATING CORP.**

## CERTIFICATE OF SERVICE

4

I hereby certify that on this 14th day of August 2023, the foregoing document was served via the electronic filing service to all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Jane Haas*
Jane Haas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Catrina Edling on behalf of Jane Haas
Bar No. 24032655
CEdling@hartlinebarger.com
Envelope ID: 78478425
Filing Code Description: ORIGINAL ANSWER OF
Filing Description: The TJX Companies, Inc. and Marmaxx Operating
Corp., and Verified Denial
Status as of 8/15/2023 8:13 AM CST

Associated Case Party: Tameka Alexander

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Abasi Major | | abasi@themajorlawfirm.com | 8/14/2023 8:28:46 AM | SENT |
| Admin AtThe Major Law Firm | | admin@themajorlawfirm.com | 8/14/2023 8:28:46 AM | SENT |
| Aidan Gomez | | agomez@themajorlawfirm.com | 8/14/2023 8:28:46 AM | SENT |

Associated Case Party: The TJX Companies, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jane Haas | | jhaas@hartlinebarger.com | 8/14/2023 8:28:46 AM | SENT |
| Marshall G.Rosenberg | | mrosenberg@hartlinebarger.com | 8/14/2023 8:28:46 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Catrina Edling | | cedling@hartlinebarger.com | 8/14/2023 8:28:46 AM | SENT |

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, GLORIA A. MARTINEZ, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD NOW IN MY LAWFUL
CUSTODY. WITNESS MY OFFICIAL HAND AND SEAL
OF OFFICE ON THIS:

*August 16, 2023*

**GLORIA A. MARTINEZ,
BEXAR COUNTY, TEXAS**

By:

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*