IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMEKA ALEXANDER, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-01028-XR |
| vs. | § § | |
| THE TJX COMPANIES, INC., | § § § | |
| *Defendant.* | § | |

### ORDER

Before the Court in the above-styled cause of action is Defendant's Motion to Compel Plaintiff's Unrecorded Independent Medical Examination [#11]. In this case, the parties have agreed to an independent medical examination of Plaintiff, but Plaintiff refuses to participate unless the examination is recorded. By its motion, Defendant asks the Court to compel that the parties' agreed independent medical examination of Plaintiff be unrecorded. The Court held a hearing on the motion on February 20, 2024, at which counsel for both parties appeared via videoconference. At the close of the hearing, the Court orally granted the motion. This written order memorializes the Court's oral ruling.

This personal-injury action arises out of Plaintiff's fall while shopping at a Marshalls store. Plaintiff alleges that she sustained serious injuries to her lumbar spine from the fall, requiring spinal surgery. Rule 35 grants the Court authority to order any party whose mental or physical condition is "in controversy" to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P 35(a)(1). The order must be made only on motion "for good cause" and must specify "the time, place, manner, conditions, and scope of

1

the examination, as well as the persons who will perform it."[1]  *Id.* at 35(a)(2).  The parties agree that Plaintiff placed her physical condition in controversy by pleading damages related to her physical injuries, and that there is good cause for the examination.  Defendant retained Dr. Antonio Webb to perform the exam, and Plaintiff has refused to proceed with the exam unless it is recorded.

Most courts analyze a request for a recording device the same way they evaluate whether to permit the presence of an attorney during a Rule 35 examination.  *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 396–97 (S.D. Tex. 2013).  Because "[t]he introduction of a human or mechanical presence—whether a lawyer, a stenographer, a tape recorder, or other instrumentality—changes the nature of the proceeding," third-party observations and recording devices are disfavored.  *Id.* at 397 (quoting *Tirado v. Erosa*, 158 F.R.D. 294, 299 (S.D.N.Y. 1994)).  Therefore, the party seeking to record or videotape an examination bears the burden of showing good cause or "special circumstances" for the request.  *Id.*

Some of these "special circumstances" that other courts have deemed sufficient for requiring a video or audio recording are (1) where the plaintiff has a mental issue making it difficult to relay to an attorney what occurred in the exam; (2) where the plaintiff is a child who is traumatized so that the child's behavioral responses should be captured as they communicate medically significant information; and (3) where there was evidence that the examining physician was abusive and had a history of ignoring court orders.  *Id.* (collecting cases).

Plaintiff maintains there are special circumstances warranting recording the examination here because, according to Plaintiff, Dr. Webb has a history of misrepresenting the scope of

---

[1] Plaintiff argued in her response to Defendant's motion that Defendant had failed to sufficiently articulate the scope of the exam.  At the hearing, Defendant agreed to provide Plaintiff with a list of specific tests to be performed.

2

medical examinations due to poor memory. Plaintiff has concerns that allowing Dr. Webb to perform the examination without recording could result in his testimony at trial misleading the jury as to the nature of his exam and his findings. Recording the examination is the only way Plaintiff believes she will be able to adequately cross-examine Dr. Webb at trial and the jury will be able to accurately assess Dr. Webb's credibility. In support of this argument, Plaintiff provides the Court with Dr. Webb's deposition testimony regarding a medical examination (which was recorded) involving a plaintiff named Ruben Saldana. (Webb Dep. [#17-2].)

Plaintiff points to what she frames as issues with Dr. Webb's memory highlighted by the deposition testimony. First, the deposition testimony establishes that Dr. Webb stated in his expert report that he took Mr. Saldana's vitals as part of the examination, but the video recording contradicts this assertion. (*Id.* at 191:8–19.) When pressed on the discrepancy, Dr. Webb stated that he could not recall whether he had in fact taken Mr. Saldana's blood pressure and heart rate. (*Id.*) Additionally, the video of the examination established that Dr. Webb could not recall whether he asked Mr. Saldana if he had pain in his foot when he performed a straight leg raise. (*Id.* at 201:2–202:14.) Third, Dr. Webb said in his expert report that Mr. Saldana's skin was intact, but the video establishes that he never required Mr. Saldana to take off his shoes or pants. (*Id.* at 202:15–203:14.) Plaintiff also cites portions of Dr. Webb's deposition testimony where he conceded that he could have been more specific in his expert reports in the future to ensure such discrepancies did not exist. (*Id.* at 205:14–21.)

Dr. Webb's testimony confirms that he could not recollect all the aspects of his medical examination from memory. The testimony also confirms that there were some discrepancies between the expert report and the video evidence. But the Court disagrees with Plaintiff that these issues amount to the type of special circumstances warranting recording Dr. Webb's

examination of Plaintiff. Plaintiff has not provided the Court with any authority that a general concern that the parties may have different recollections about the precise details of a medical exam is a special circumstances recognized by the courts as a basis for recording the exam. And district courts have rejected arguments that recording is necessary to ensure truthful testimony by an expert, as these "generalized arguments could be made about any Rule 35 examination in any case and provide no special circumstances . . . that justify videorecording [a p]laintiff's examination." *See, e.g.*, *Kozlowski v. Wal-Mart Stores E., LP*, No. 5:21-CV-261-ACC-PRL, 2022 WL 4133126, at *2 (M.D. Fla. Sept. 12, 2022). Plaintiff has not provided the Court with any evidence that Dr. Webb has a mental issue compromising his memory or that he has a history of intentionally misrepresenting his examination and findings.

Moreover, Dr. Webb's deposition testimony contains some explanation for the issues identified by Plaintiff. Dr. Webb testified that Mr. Saldana had come to the exam for a back and neck evaluation, not with any concerns regarding his vitals or skin; nor were any such concerns reported or observed (such as difficulty breathing). (Webb Dep. [#17-2], at 203:15–22, 204:16–24.) This gives context to why certain vital signs were either not taken or not noted in the record. Additionally, there were no reports of lacerations or lesions in the medical records, so Dr. Webb did not examine Mr. Saldana's skin closely. (*Id.*) Dr. Webb also explained in his deposition that his general practice is to test sensation of his skin with a patient's clothes on, so it was not unusual for him to not require the removal of Mr. Saldana's pants or shoes. (*Id.* at 204:25–205:13.)

In summary, Plaintiff has not carried her burden to show good cause or special circumstances requiring the video recording of the agreed independent medical examination of Plaintiff.

4

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiff's Unrecorded Independent Medical Examination [#11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Tameka Alexander will submit to an unrecorded medical examination by Antonio Webb, M.D., at his clinic located at 18626 Hardy Oak Blvd. #300, San Antonio, Texas, 78240, at a mutually agreeable time within **thirty (30) days** of entry of this order.

SIGNED this 23rd day of February, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE